**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TONY ELMORE,**

    **Plaintiff,**

vs.                                                      **CASE NO. 4:05CV138-MMP/AK**

**MONICA DAVID, et al,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that the extension of his July 19, 1997 presumptive parole release date (PPRD) as a result of 1996 legislation violated the Ex Post Facto Clause and Plaintiff's due process rights. (Doc. 1). Plaintiff was apparently advised of the decision to extend his PPRD "just weeks" before he was scheduled to be released.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).

Although the length of the time period is determined by state law, when a § 1983

action accrues is a question of federal law.  Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited).  The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury.  Id.  The expiration of the statute of limitations warrants § 1915 dismissal.  Clark v. Georgia Pardons and Parole Bd., 915 F.2d 636, 641, n. 2 (11th Cir. 1990).  Plaintiff was advised that his PPRD was to be extended weeks prior to July 19, 1997, and his complaint should therefore have been filed sometime before July 19, 2001.  The complaint in this cause was filed on April 19, 2005.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as barred by the statute of limitations.

**IN CHAMBERS** at Gainesville, Florida, this **27th** day of July, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.